STATE OF IDAHO
COUNTY OF KOOTENAI } SS
FILED:

2016 DEC -6 PM 2: 20

CLERK DISTRICT COURT

DEPUTY

U.S. COURTS

MAY 0 4 2026
Rcvd_____Filed_____Time 1:10 PM
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

**NORTH IDAHO FAMILY LAW, PLLC**
402 W. Idaho Ave.
Coeur d'Alene, ID  83814
Telephone: (208) 667-7050
Facsimile: (208) 667-7669
Betsy Black ISBN: 6790
K. Jill Bolton ISBN: 5269

Attorneys for Cross-Petitioner

IN THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE

STATE OF IDAHO, IN AND FOR THE COUNTY OF KOOTENAI

| | |
|---|---|
| STATE OF IDAHO, Department of Health and Welfare, Child Support Services (IDHW), <br><br> Petitioner, <br><br> vs. <br><br> NICHOLAS RODDY RAMLOW and AMANDA MARIE MITCHELL, <br><br> Respondents. <br><br> ――――――――――――― <br><br> NICHOLAS RODDY RAMLOW, <br><br> Cross-Petitioner, <br><br> vs. <br><br> AMANDA MARIE MITCHELL, <br><br> Cross-Respondent. | CASE NO. CV-2016-2923 <br><br> **JUDGMENT RE: FILIATION, CHILD CUSTODY AND CHILD SUPPORT** |

EXHIBIT A

Case 2:26-cv-00268-AKB    Document 1-1    Filed 05/04/26    Page 2 of 34

JUDGMENT IS HEREBY ENTERED AS FOLLOWS:

1. **PATERNITY:**

The Cross-Petitioner, NICHOLAS RODDY RAMLOW, hereinafter "Father" is the natural and legal father and the Cross-Respondent, AMANDA MARIE MITCHELL, hereinafter "Mother" is the natural and legal mother of the following child:

| Name of Child | Date of Birth |
|---|---|
| HUDSON JOHN MITCHELL RAMLOW | 03/18/2015 |

All birth records shall be amended accordingly.

2. **CHILD CUSTODY:**

A. **Legal Custody of Minor Child.**

The Father and Mother are awarded joint legal custody of the minor child.

B. **Physical Custody of Minor Child.**

The Father and Mother are awarded joint physical custody of the minor child as follows:

1. Mother shall be the on-duty parent at all times not allocated to Father.

2. **Phase I:** Beginning immediately and ending September 18, 2017; Father shall have on-duty parenting time on the 1st and 3rd weekends of each month defined as beginning on Friday at 5:00 p.m. (PST) and ending on Monday at 5:00 p.m. (PST).

3. **Phase II:** From September 18, 2017 until September 18, 2018; Father shall have on-duty parenting time on the 1st and 3rd weekends of each month defined as beginning Thursday at 5:00 p.m. (PST) and ending on Monday at 5:00 p.m. (PST). Additionally, Father shall have two nonconsecutive one-week (seven (7) day) blocks of uninterrupted time during this phase. Father's regular weekend parenting time shall be counted as part of the seven day block, which nets Father three (3) additional overnights during each seven day block. Father shall give Mother 21 days' notice prior to exercising these blocks of time.

JUDGMENT RE: FILIATION, CHILD CUSTODY AND CHILD SUPPORT    Page 2

EXHIBIT A

4. **Phase III:** From September, 2018 through May, 2020: Father shall have on-duty parenting time on the 1st and 3rd weekends of each month defined as beginning Thursday at 5:00 p.m. (PST) and ending on Tuesday at 5:00p.m.(PST) for a total of ten (10) overnights per month.

5. **Phase IV:** Beginning the first Thursday of June, 2020 through the summer of 2020, Father shall have on-duty parenting time every other week, beginning at 5:00 p.m. (PST) and ending at 5:00 p.m. (PST) the following Thursday.

6. For all parenting time exchanges, the parties shall meet in St. Regis, Montana to exchange the child from April to November. The parties shall meet at Lookout Pass to exchange the child from December to March. The parties may make other transportation arrangements as mutually agreed upon in writing.

7. The parties shall return to mediation in the spring of 2020 to determine the school year parenting plan.

8. The parties shall choose a mediator by March 31, 2020, and will mediate for a minimum of two (2) sessions before either will file a court action to modify.

9. The parties shall follow the holiday schedule attached hereto and incorporated herein as **Exhibit "1"** which will take precedence over the regular parenting time.

10. Each part shall facilitate "Facetime" between the off-duty parent and the child. Mother shall be allowed to Facetime at 6:00 p.m. (PST) on Saturday when she is off-duty. Father shall be allowed to Facetime at 6:00 p.m. (PST) on Wednesday when he is off-duty. In the event the on-duty parent is engaging in an activity that prevents the off-duty parent's Facetime, then the parties shall work together to reschedule a mutually agreeable alternate time.

11. To the extent not modified by the parties' agreement, Appendix A attached hereto and incorporated herein, shall govern the interactions between the parties and with their minor child.

EXHIBIT A

## C. PARENTING COMMITMENTS/PARENTING PLAN

1. Both parties shall encourage the bond between child and parent and not speak unkindly about the other parent.
2. Both parties shall use common sense regarding the child when the child is with the other parent.
3. Neither party will allow the child to be around others who are using drugs or alcohol to excess.
4. When Father takes the minor child into the woods, he shall notify Mother of the location or locations where they will be prior to doing so.

## 3. CHILD SUPPORT:

A. FATHER shall pay to MOTHER child support for the minor child, H.J.M.R., year of birth 2015, in the amount of **THREE HUNDRED AND FIFTY DOLLARS ($350.00)** per month, which is a reasonable sum for the support and maintenance of the child. This calculation is based on averaging Father's income of $40,000 in 2015 and $21,120 in 2016 and Mother's imputed income of $15,080. See child support calculations attached hereto as **Exhibit "2"**. Child support shall begin December 1, 2016 and continuing on the first day of each month thereafter until H.J.M.R reaches the age of eighteen (18) years. If H.J.M.R continues his high school education after reaching the age of eighteen (18) years, the child support will continue until H.J.M.R discontinues his high school education or reaches the age of nineteen (19) years, whichever occurs first. A copy of said child support calculations are attached and incorporated herein.

Pursuant to Idaho Code § 32-1212 and U.S.C.A. § 42-666(c)(2)(A)(i), FATHER and MOTHER are required to notify Child Support Services of any change of address, telephone number, or employment within thirty (30) days of said change.

EXHIBIT A

Child support shall be paid to MOTHER, through Idaho Child Support Receipting, P.O. Box 70008, Boise, Idaho, 83707-0108. The child support case number, 387951, shall be included on the face of each monthly payment.

B. **Medical Insurance:** The parties shall continue to provide a policy of health care insurance for the minor child, so long as said policies remain available at a reasonable cost as defined by Idaho Code §32-1214B, until the age of 18 years or, if pursuing a high school education, until he graduates from high school, discontinues his high school education or reaches the age of 19 years, whichever occurs first. If such insurance becomes unavailable to the parent currently providing insurance, the parent first reasonably able to obtain group health insurance through employment shall do so wherein the parties shall proportionately share the cost of any premium in accordance with their Idaho Child Support Guidelines pro rata income share percentages, i.e. FATHER 67% and MOTHER 33%.

MEDICAL SUPPORT NOTICE

**Failure to provide medical insurance coverage may result in the direct enforcement of a medical support order by either the obligee or the Department of Health and Welfare. A national medical support notice will be sent to your employer, requiring your employer to enroll the child in a health benefit plan as provided by Sections 32-1214A through 32-1214J, Idaho Code and applicable rules of the Department.**

FATHER will be responsible for Fifty Percent (50%) and MOTHER will be responsible for Fifty Percent (50%) of medical insurance premiums, and any health care expenses for the child not covered or paid in full by insurance, including, but not limited to orthodontic, optical, dental, psychological and prescription medication expenses. These uncovered health care payments will be in addition to the child support award and will be paid directly to the other parent.

Any claimed health care expense for the child, with the exception of orthodontia, whether or not covered by insurance, which would result in an actual out of pocket

JUDGMENT RE: FILIATION, CHILD CUSTODY AND CHILD SUPPORT                    Page 5

EXHIBIT A

Case 2:26-cv-00268-AKB    Document 1-1    Filed 05/04/26    Page 6 of 34

expense to the parent who did not incur or consent to the expense of over $500.00, must be approved in advance, in writing, by both parties or by prior court order. Relief may be granted by the Court for failure to comply under extraordinary circumstances, and the Court may in its discretion apportion the incurred expense in some percentage other than that in the existing support order, and in doing, may consider whether consent was unreasonably requested or withheld. Neither party is required to notify the other in an emergency health care situation.

C. **Child Care:** FATHER shall be responsible for Sixty-Seven percent (67%), which is his *pro rata* share, of any work-related child care expenses for the child if applicable. These child care payments will be in addition to the child support award and will be paid directly to the child care provider.

D. This support order will be enforceable as follows:

### NOTICE OF IMMEDIATE INCOME WITHHOLDING

This support order is enforceable by automatic and immediate income withholding as of the effective date of this order under Chapter 12, Title 32 of the Idaho Code. This automatic and immediate income withholding order will be issued by the Department of Health and Welfare or other obligee to your employer or other person who pays income to you, without additional notice to you.

FATHER is hereby notified that a lien will be placed on his real and personal property should he become delinquent in his child support obligation.

### NOTICE OF LIEN

This support order will be enforced by the filing of a statewide lien upon all real and personal property of the obligor if the delinquency in the support obligation is equal to $2,000.00 or 90 days of support, whichever is less, pursuant to Idaho Code § 7-1206 and § 45-1901, *et seq.*

EXHIBIT A

E. **Tax Exemption:** Mother shall be entitled to the tax exemption and tax credit in 2016 and Father shall be entitled to the tax exemption and tax credit in subsequent years. The parties shall sign any and all documents required to facilitate this order.

4. **ATTORNEYS FEES/SERVICE FEES:**

A. Each party shall pay for their own attorney fees and costs in this matter.

B. FATHER shall reimburse IDHW the amount of $135.00 for service and mailing fees.

DATED this 5ᵗʰ day of December, 2016.

_____ #138
Honorable Judge Walsh

Approved as to Form and Content:
Dated this ___ day of _____, 2016.

_____
Suzanna Graham
Attorney for Cross-Respondent

EXHIBIT A

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the _____ 6 _____ day of _____ Dec. _____, 2016, I caused to be served a true and correct copy of the foregoing by the method indicated below, and addressed to the following:

Suzanna L. Graham
ATTORNEY AT LAW
302 E. Linden Avenue, STE 103
Coeur d'Alene, ID  83814

*office @ segattorney.com*
[ ] U.S. Mail
[ ] Hand Delivered
[ ] Facsimile to: (208)665-7079
[ ] Overnight Mail

K. Jill Bolton,
North Idaho Family Law, PLLC
402 W. Idaho Avenue
Coeur d'Alene, ID  83814

[ ] U.S. Mail
[ ] Hand Delivered
[X] Facsimile to: (208)667-7669
[ ] Overnight Mail

Susan K. Servick
Special Deputy Attorney General
618 N. 4th Street
Coeur d'Alene, ID  83814

[ ] U.S. Mail
[ ] Hand Delivered
[X] Facsimile to: (208)667-1825
[ ] Overnight Mail

Idaho Child Support Receipting
P.O. Box 7008
Boise, ID  83707

[X] U.S. Mail
[ ] Hand Delivered
[ ] Facsimile to: 855-349-2408
[ ] Overnight Mail

JIM BRANNON
CLERK OF THE DISTRICT COURT

_Susan McCoy_
Deputy Clerk

EXHIBIT A

12-06-'16 14:26 FROM-Kootenai Dist Court                                T-792  P0009/0017 F-112

EXHIBIT "1"
Holiday Schedule

The term "holiday" when, used in conjunction with the residential schedule, shall be

defined to include 4th of July, Thanksgiving, Christmas, Memorial Day, Labor Day, Mother's

Day, and Father's Day.

| HOLIDAY | | MOTHER | FATHER |
|---|---|---|---|
| 4th of July | Beginning July 3 at 5:00 p.m. PT ending July 5 at 5:00 p.m PT | Even | Odd |
| *Thanksgiving (2017 and thereafter) | Beginning Weds. before the holiday at 5:00 p.m. PT until Friday after the holiday at 5:00 p.m. PT | Even | Odd |
| Christmas | (in 2016 and 2017) Beginning at 5:00 p.m. PT on December 23, and ending at 5:00 p.m. PT on December 26 (in 2018) Beginning at 5:00 p.m. PT on December 23, and ending at 5:00 p.m. PT on December 27 | Odd | Even |
| Mother's Day | Beginning Friday before the holiday at 5:00 p.m. PT until Monday after the holiday at 5:00 p.m PT | Every | |

Holiday Schedule
Exhibit "1"
CV-2016-2923
IDHW v. RAMLOW v. MITCHELL

EXHIBIT A

EXHIBIT "1"
Holiday Schedule

| Father's Day | Beginning Friday before the holiday at 5:00 p.m. PT until Monday after the holiday at 5:00 p.m PT | | Every |
| Memorial Day | Beginning Friday before the holiday at 5:00 p.m. PT and ending on Tuesday after the holiday at 5:00 p.m. PT | Even | Odd |
| Labor Day | Beginning Friday before the holiday at 5:00 p.m. PT and ending on Tuesday after the holiday at 5:00 p.m. PT | Odd | Even |

*The parties have already scheduled and agreed to the 2016 Thanksgiving holiday.

When there is a conflict between routine alternate weekend visitation and alternate holiday visitation, the holiday visitation schedule shall apply. The reason for this is that the specific standard takes precedence over the general; there are only a few holidays each year and the child(ren) should be able to alternate these with each parent. Therefore, for example, if the schedule shows Plaintiff as having visitation on Christmas Day and such would otherwise fall on a weekend that the Defendant has custody of the child(ren), then the child would be with the Plaintiff for that specific visit.

Holiday Schedule
Exhibit "1"
CV-2016-2923
IDHW v. RAMLOW v. MITCHELL

2

EXHIBIT A

# Case Summary

**Case Number:**

## Parent Information

|  | Father | Mother |
|---|---|---|
| **Name:** | Nicolas Ramlow | Amanda Mitchell |
| **Marital Status:** | Single | Single |
| **Party Association:** | Petitioner | Respondent |
| **Attorney's Name:** | | |
| **Attorney's Phone:** | | |
| **ICSG Income:** | 30,672.00 | 15,072.00 |
| **ICSG Percentage:** | 67.05% | 32.95% |

## Child Information

| Child's Name | Birthdate | % with Father | Tax Exemption | Calc Support Until |
|---|---|---|---|---|
| HJMR | 18-Mar-2015 | 30.00% | Mother | 18th Birthday |

## Recap of all Obligations per Month

|  | Father | Mother |
|---|---|---|
| Monthly Child Support Obligation | 330.98 | 0.00 |
| Work Related Child Care Costs | 0.00 | 0.00 |
| Health Insurance Obligation | 0.00 | 0.00 |
| Travel Expenses | 0.00 | 0.00 |
| Disability and Retirement Dependency Benefits | 0.00 | 0.00 |
| Tax Exemption Compensation | 0.00 | 0.00 |

**The recommended basic support the Father should pay is 330.98 per month**
(before other costs to be considered by the court)

**The recommended adjusted support the Father should pay is 330.98 per month**
(before other costs to be considered by the court)

EXHIBIT 2

EXHIBIT A

# Child Support Calculations

## Nicolas Ramlow
Income                          30,672.00
Adjustments to Gross Income     0.00

Father's Net ICSG Income        30,672.00

## Amanda Mitchell
Income                          15,072.00
Adjustments to Gross Income     0.00

Mother's Net ICSG Income        15,072.00

## Father's Calculations

| Child's Name | Physical Custody | Base | Factor | Mom's Time | Dad's Income Share | Dad's Obligation |
|---|---|---|---|---|---|---|
| HJMR | Shared | 595.56 | 1.5 | 70.00 | 67.05 | 419.29 |

**419.29**

## Mother's Calculations

| Child's Name | Physical Custody | Base | Factor | Dad's Time | Mom's Income Share | Mom's Obligation |
|---|---|---|---|---|---|---|
| HJMR | Shared | 595.56 | 1.5 | 30.00 | 32.95 | 88.31 |

**88.31**

## The recommended basic support the Father should pay is 330.98 per month
(before other costs to be considered by the court)

EXHIBIT A

### In the District Court of the First Judicial District
### of the State of Idaho, in and for the County of Kootenai

Nicolas Ramlow

                    Petitioner,

      vs

Amanda Mitchell

                    Respondent,

**Case No.**

**Affidavit Verifying Income**

I hereby state under oath that the following information is true.

| | Father | Mother |
|---|---|---|
| **A. GROSS INCOME** | | |
| 1. Wages, salary, commissions, bonuses, etc.> | $30,672.00 | $15,072.00 |
| 2. Rent, royalties, trade, or business income, etc. | $0.00 | $0.00 |
| 3. Interest, dividends, pensions, annuities, etc. | $0.00 | $0.00 |
| 4. Social sec., worker's comp, unemployment, disability, veteran ben., etc. | $0.00 | $0.00 |
| 5. Public Assistance, welfare for........_ Self ___ Children | $0.00 | $0.00 |
| 6. Alimony | $0.00 | $0.00 |
| 7. Grants, distributions from trusts, etc. | $0.00 | $0.00 |
| 8. Other | $0.00 | $0.00 |
| 9. SUBTOTAL | $30,672.00 | $15,072.00 |
| **B. DEDUCTIONS FROM GROSS INCOME** | | |
| 1. Straight line depreciation on assets | $0.00 | $0.00 |
| 2. One-half of self-employment Social Security taxes | $0.00 | $0.00 |
| 3. Child support + alimony from another relationship | $0.00 | $0.00 |
| 4. Support for child of another relationship living in the home | $0.00 | $0.00 |
| 5. Deduction for spousal maintenance in this case | $0.00 | $0.00 |
| 6. Non Court Ordered Deductions | $0.00 | $0.00 |
| 7. DEDUCTIONS SUBTOTAL | $0.00 | $0.00 |
| **C. GROSS INCOME AS ADJUSTED** | $30,672.00 | $15,072.00 |
| **D. IN-KIND BENEFITS (I.C.S.G. Section 6(b))** | $0.00 | $0.00 |
| **E. POTENTIAL INCOME (I.C.S.G. Section 6(c))** | $0.00 | $0.00 |
| **F. GUIDELINES INCOME (C + D + E)** | $30,672.00 | $15,072.00 |
| **G. MONTHLY ICSG INCOME (F / 12 months)** | $2,556.00 | $1,256.00 |

Date _12/1/16_

Muntana

STATE OF ~~IDAHO~~ )
              ) ss,
County of )

Flathead

SUBSCRIBED and SWORN to before me this _1_ day of _December,_ 20 _16_ the undersigned, a Notary Public in and for said State, personally appeared _Nicolas Paddy Ramlow_ known or identified to me to be the person whose name is subscribed to the within instrument and that he/she executed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year in the certificate first above written,

_Amanda Keeland_

NOTARY PUBLIC FOR IDAHO
Residing at:
My Commission Expires:



AMANDA KEELAND
NOTARY PUBLIC for the
State of Montana
Residing at Columbia Falls, Montana
My Commission Expires
October 31, 2019

## EXHIBIT A

12-06-'16 14:28 FROM-Kootenai Dist Court                    T-792  P0014/0017 F-112

# In the District Court of the First Judicial District
## of the State of Idaho, in and for the County of Kootenai

| Nicolas Ramlow | Petitioner, | Case No. |
| --- | --- | --- |
| vs | | **Adjustments to Child Support and Recap of Obligations** |
| Amanda Mitchell | Respondent, | |

| | | Father's Share | 67.05 | $30,672.00 |
| --- | --- | --- | --- | --- |
| Total ICSG Income: | $45,744.00 | Mother's Share | 32.95 | $15,072.00 |

## Tax Exemption Adjustment

Tax exemptions were calculated manually

| | | Father's Share |
| --- | --- | --- |
| Mother's Share | | |
| Parent is entitled to: | $0.00 | $0.00 |
| While parent is getting: | $0.00 | $0.00 |

Nothing is owed by either parent for taxes.

## Health Insurance Adjustment

| | Total Paid | % Share | Obligation | Amt Paid | Difference |
| --- | --- | --- | --- | --- | --- |
| Father | $0.00 | 67.05 | $0.00 | $0.00 | $0.00 |
| Mother | $0.00 | 32.95 | $0.00 | $0.00 | $0.00 |

Nothing is owed by either parent for health insurance.

## Work Related Daycare Adjustment

| | Total Paid | % Share | Obligation | Amt Paid | Difference |
| --- | --- | --- | --- | --- | --- |
| Father | $0.00 | 67.05 | $0.00 | $0.00 | $0.00 |
| Mother | $0.00 | 32.95 | $0.00 | $0.00 | $0.00 |

Nothing is owed by either parent for daycare.

## Travel Expenses Adjustment

| | Total Paid | % Share | Obligation | Amt Paid | Difference |
| --- | --- | --- | --- | --- | --- |
| Father | $0.00 | 67.05 | $0.00 | $0.00 | $0.00 |
| Mother | $0.00 | 32.95 | $0.00 | $0.00 | $0.00 |

Nothing is owed by either parent for travel expenses.

## Recap of all Obligations per Month

| | Father | Mother |
| --- | --- | --- |
| Monthly Child Support Obligation | 330.98 | 0.00 |
| Work Related Child Care Costs | 0.00 | 0.00 |
| Health Insurance Obligation | 0.00 | 0.00 |
| Travel Expenses | 0.00 | 0.00 |
| Disability and Retirement Dependency Benefits | 0.00 | 0.00 |
| Tax Exemption Compensation | 0.00 | 0.00 |

**The recommended basic support the Father should pay is 330.98 per month**
(before other costs to be considered by the court)

**The recommended adjusted support the Father should pay is 330.98 per month**

EXHIBIT A

(before other costs to be considered by the court)

Prepared By _____ Date _____

EXHIBIT A

# In the District Court of the First Judicial District
## of the State of Idaho, in and for the County of Kootenai

Nicolas Ramlow

Petitioner,

vs

Amanda Mitchell

Respondent,

**Case No.**

**Shared, Split or Mixed Custody WorkSheet**

| CHILDREN | BIRTHDATE | CHILDREN | BIRTHDATE | CHILDREN | BIRTHDATE |
|---|---|---|---|---|---|
| 1. HJMR | 18-Mar-2015 | 2. | | 3. | |
| 4. | | 5. | | 6. | |
| 7. | | 8. | | 9. | |
| 10. | | 11. | | 12. | |

| | Mom | Dad | Combined |
|---|---|---|---|
| **1. Monthly I.C.S.G. Income** (from Affidavit) | $1,266.00 | $2,556.00 | $3,812.00 |
| **2. Share of Income for Each Parent** (line 1 for each parent divided by Combined Income) | 32.95 | 67.05 | 100% |
| **3. Combined Child Support Obligation** (apply line 1 Combined to Child Support Schedule) | | | $695.56 |
| **4. Each Parents Child Support Obligation** (line 2 multiplied by line 3 for each parent) | $196.24 | $399.32 | |
| **5. Obligation Allocation** (line 4 divided by the number of children) | $196.24 | $399.32 | |

| | 6. Allocation to Child (For each standard-custody child enter the amount from line 5. For each shared or split-custody child multiply line 5 by 1.5.) | | 7. Proportional Obligation (Number of overnights with other parent divided by 365. If greater or equal to 75%, enter 1. If less than or equal to 25%, enter 0.) | | 8. Parents Obligation (Line 6 times line 7 for each child.) | |
|---|---|---|---|---|---|---|
| | Mom | Dad | Mom | Dad | Mom | Dad |
| HJMR | $294.36 | $598.98 | 30.00 | 70.00 | $88.31 | $419.29 |

| | Mom | Dad |
|---|---|---|
| **9. EACH PARENT'S TOTAL SUPPORT** (total from all boxes) | $88.31 | $419.29 |
| **10. RECOMMENDED SUPPORT** (subtract lesser of line 9 from greater and enter it under parent with greater obligation) | $0.00 | $330.98 |

Other Costs to be Considered by the Court

    a. Work-Related Child Care Costs                $0.00

    b. Health Insurance premium and uninsured health care expenses     $0.00

    c. Disability or Retirement dependent benefits         $0.00

    d. Tax benefit for dependancy exemptions           $0.00

    e. Travel Expenses                          $0.00

Comments, Calculations, or Rebuttals

Prepared By _____    Date _____

## EXHIBIT A

Case: 2:26-mc-00268-AKB    Document 1-1    Filed 05/04/26    Page 17 of 34

## APPENDIX "A"
### SUPPLEMENTAL ORDER FOR PARENTAL AND CHILD SUPPORT RESPONSIBILITIES

**Best Interests of Children:** Divorce is an unfortunate part of modern life and is particularly difficult for children. The jurisdiction of the Court to control custody and child support is intended to allow the Court to make rulings in the best interests of the children and to, minimize the negative impact of divorce or separation upon children. You and your former spouse have divorced or separated; that is your right. However, you cannot divorce your children. You both have continuing duties and responsibilities as parents to your children. No matter how carefully the Court crafts custody and child support orders, the success of the order and the well-being of your children will be limited unless both parents make a firm commitment to serve the best interests of their children. Please commit yourself to working with your former spouse to promote the well-being of your children.

**Mediation:** If you are unable to agree upon parenting issues between yourselves, the Court strongly recommends that you consider mediation before resorting to Court intervention. Mediation is a problem-solving process in which you can discuss alternatives and assess options with the assistance of an independent, neutral and qualified mediator.

**On-Duty/Off-Duty Parent:** A parent is "ON-DUTY" when the child(ren) are in his or her care pursuant to agreement of the parents or any court order, including: a parenting plan; custody or residential schedule; or visitation schedule. A parent is "OFF-DUTY" when the other parent is "ON-DUTY."

You have the following rights and responsibilities regarding the children of your marriage, UNLESS THE COURT ORDERS OTHERWISE:

**1. AFFIRMATIVE BASIC DUTIES:** When "ON-Duty" each parent will provide the children with: (a) regular and nutritious food; (b) clean and appropriate clothing; (c) reasonably private living and sleeping quarters; (d) appropriate health care.

**BOTH PARENTS SHALL:** Instruct in and promote: (a) ethical and moral principles; (b) respect for the law, and the rights of others;(c) conscientious attendance at all regular sessions of school until graduation, unless excused for medical reasons, by the school, by the Court, or by law.

**NEITHER PARENT:** will engage in, permit the child(ren) to engage in, or allow the child(ren) to be present during the use of any illegal drug, excessive alcohol use, violence, or disrespect for law and order. If the "ON-DUTY" parent does not prevent the use of illegal drugs, the excessive alcohol use, violence, or disrespect for law and order by other persons in the child(ren)'s presence, then the "ON-DUTY" parent shall remove the child(ren) from the environment where that conduct is occurring.

**EACH PARENT:** shall deliver their child(ren)'s clothing, school supplies and other personal belongings at the same time that the children are delivered. All clothing shall be delivered in a clean condition.

**NEITHER PARENT:** shall schedule activities for their child(ren) during the time the other parent is "ON-DUTY" without the prior agreement of the other parent.

**2. TRANSPORTATION:** The receiving parent shall provide transportation and shall arrive on time (no more than 10 minutes early or late).

**3. ADDRESS AND TELEPHONE INFORMATION:** Each parent shall provide to the other his or her current telephone number, physical and mailing addresses and, if different from the parent's, the telephone number, physical and mailing address of where the child(ren) live.

**4. MOVE FROM CURRENT RESIDENCE:** Each parent shall provide the other not less than 60 days prior written notice of a decision to move. A move requiring more than 2 hours automobile travel between the homes of the parents ("two hour travel zone") will require modification of the parenting plan, custody or residential schedule, or visitation schedule. The moving parent shall not move the child(ren) to a location outside the "two hour travel zone" until a new order is in place.

**5. DURING "ON-DUTY" PERIODS:** the child support obligor shall remain liable for child support payments unless the decree or child support order specifically provides otherwise. Child support may not be withheld for failure to comply with any Court order including failure to comply with a parenting plan, custody schedule or visitation schedule. Parenting time shall not be withheld for nonpayment of child support or other financial obligations.

**6. SUPPORT/METHOD OF PAYMENT:** All child support payments shall be paid to the State of Idaho-Child Support Receipting, PO Box 70008, Boise, ID 83707. Any amount not paid through the State of Idaho will be considered a gift and will not be credited as child support. The State may report a failure to pay child support to the prosecuting attorney, who may enforce payment. The child support obligee may request forms for entry of a Wage Withholding Order from the Clerk's office.

If the Decree or Child Support Order is entered on or before the 15th day of the month, child support payments shall be due on or before the last day of the month in which the Decree or Child Support Order is entered and on the 10th day of each and every month following. If the Decree or other Order is entered after the 15th day of the month, child support payment shall be due on the 10th day of each calendar month following the month in which the Decree or other Order is entered.

**7. NOTICES:**

#### NOTICE OF AUTOMATIC AND IMMEDIATE INCOME WITHHOLDING
This support order is enforceable by automatic and immediate income withholding as of the effective date of this order under Chapter 12, Title 32, Idaho Code. This automatic and immediate income withholding order shall be issued by the department of health and welfare or other obligee to your employer or other person who pays your income, without additional notice to you.

#### NOTICE OF MEDICAL ENFORCEMENT
Failure to provide medical insurance coverage may result in a direct enforcement of a medical support order by either the obligee or the Department of Health and Welfare. A national medical support notice will be sent to your employer, requiring your employer to enroll the child(ren) in a health benefit plan as provided by Section 32-1214A through 32-1214I, Idaho Code, and applicable rules of the Department. Any claimed health care expenses for the child, whether or not covered by insurance, which would result in an out-of-pocket expense of $500 or more to the parent who did not incur or consent to the expense, must be approved in advance, in writing, by both parties or by prior court order. Relief may be granted by the court for failure to comply under extraordinary circumstances, and the Court may, in its discretion, apportion the incurred expense in some percentage other than the existing support order, and in so doing, may consider whether consider whether consent was unreasonably requested or withheld.

#### NOTICE OF LIEN
This support order shall be enforced by the filing of a statewide lien upon all real and personal property of the obligor if the delinquency in support obligation is equal to $2,000.00 or 90 days of support, whichever is less, pursuant to Idaho Code 7-1206 and 45-1901, et seq.

**8. FAILURE TO COMPLY WITH COURT ORDERS** may result in civil contempt proceedings pursuant to Idaho Code §7-601 et seq, and/or license suspensions pursuant to Idaho Code §7-1401 et seq. Either parent's willful failure or refusal to return the children to the other parent in accordance with the court-ordered parenting plan, custody or residential schedule, or visitation schedule may subject that parent to criminal prosecution for custodial interference.

**9. INTERFERENCE:** Neither parent will intrude on the privacy of the other nor make unkind statements about the other to or in the presence of the children. Neither parent will interfere in any way, or encourage, or permit any other person to interfere in any way, with the other parent's rights granted by the Decree or other Order of the Court.

**10. INJUNCTION:** This order restrains and enjoins both parents from doing, attempting, or threatening to do harm of any kind to the other parent or to the child(ren), or permitting another to so act on their behalf.

BY ORDER OF THE DISTRICT COURT.
OF THE FIRST JUDICIAL DISTRICT
OF THE STATE OF IDAHO Revised 03/2005

EXHIBIT A

Electronically Filed
3/26/2026 3:08 PM
First Judicial District, Kootenai County
Jennifer Locke, Clerk of the Court
By: Janlyn Cleveland, Deputy Clerk

SAMANTHA R. HAMMOND
PALMER | GEORGE PLLC
923 N. 3rd Street
Coeur d'Alene, ID 83814
Telephone: (208) 665-5778
Facsimile: (208) 676-1683
Email: cassidy@cdalawoffice.com
ISBN 9682

Attorneys for Amanda Mitchell

## IN THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE

## STATE OF IDAHO, IN AND FOR THE COUNTY OF KOOTENAI

| | |
|---|---|
| STATE OF IDAHO, Department of Health and Welfare, Child Support Services (IDHW),<br><br>Petitioner,<br><br>vs.<br><br>NICHOLAS RAMLOW<br><br>and<br><br>AMANDA MITCHELL,<br><br>Respondents. | CASE NO.   CV-2016-2923<br><br>**SUMMONS** |

**NOTICE:**    **YOU HAVE BEEN SUED BY THE ABOVE-NAMED RESPONDENT, AMANDA MITCHELL.** THE   COURT MAY ENTER JUDGMENT AGAINST YOU WITHOUT FURTHER NOTICE UNLESS YOU RESPOND WITHIN 21 DAYS.  **READ THE INFORMATION BELOW.**

# EXHIBIT B

Electronically Filed
3/26/2026 3:08 PM
First Judicial District, Kootenai County
Jennifer Locke, Clerk of the Court
By: Janlyn Cleveland, Deputy Clerk

SAMANTHA R. HAMMOND
PALMER | GEORGE PLLC
923 N. 3rd Street
Coeur d'Alene, ID 83814
Telephone: (208) 665-5778
Facsimile: (208) 676-1683
Email: cassidy@cdalawoffice.com
ISBN: 9682

Attorneys for Amanda Mitchell

IN THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE

STATE OF IDAHO, IN AND FOR THE COUNTY OF KOOTENAI

| | |
|---|---|
| STATE OF IDAHO, Department of Health and Welfare, Child Support Services (IDHW), ) ) ) | CASE NO. CV-2016-2923 |
| Petitioner, ) | **PETITION TO MODIFY** |
| vs. ) ) | |
| NICHOLAS RAMLOW ) ) | |
| and ) ) | |
| AMANDA MITCHELL, ) ) | |
| Respondents. ) | |

COMES NOW, the above-named Respondent, AMANDA MITCHELL, by and through

her attorney of record, SAMANTHA R. HAMMOND of the law firm of PALMER | GEORGE

PLLC, and for a cause of action against the above-named Respondent, NICHOLAS RAMLOW,

and petitions the Court to modify the Judgment of Modification dated April 14, 2021 and the

Amended Judgment of Modification dated October 15, 2025 and alleges as follows:

**PETITION TO MODIFY - 1**                                     Judge Walsh

# EXHIBIT B

1.     Amanda and the minor child are currently, and for a period of six (6) months immediately preceding the filing of this Petition, residents of the State of Idaho, County of Shoshone. Nicholas is a resident of the State of Idaho, County of Kootenai or a resident of the State of Montana, County of Flathead.

2.     Pursuant to Idaho Code § 32-11-209, the parties' minor child Hudson John Mitchell-Ramlow born March 18, 2015, has been in the sole legal custody of Amanda since the Judgment of Modification was entered July 8, 2025, to the extent outlined in that Judgment. The minor child has been in the joint physical custody of the parties since Nicholas has come back into the minor child's life in February 2024. Since then, the minor child has been in the custody of Amanda with the exception of the first and third weekends of the month and certain holidays as outlined in Phase 1 of the current custody order.

3.     In compliance with Idaho Code § 32-11-209, Amanda states that the minor child has resided with her in Shoshone County, Idaho when in her care. While in the care of Nicholas, the minor child has been in Kootenai County, and now in Flathead County, Montana. That the minor child's current address is 43 French Gulch Road, Kingston, Idaho 83839.

4.     Amanda knows of no other cases concerning the custody of the minor child. Amanda has not participated in any other litigation concerning the custody of the minor child in this or any other state except for an expired civil protection order and an expired no contact order; that Amanda has no information of any custody proceedings concerning the minor child pending in a court of this or any other state; and that Amanda knows of no other person(s) not a party to the proceedings who has physical custody of these minor child or claims to have custody or visitation rights with respect to this minor child.

PETITION TO MODIFY - 2

EXHIBIT B

5.    Pursuant to Idaho Code § 32-11-202 and 203, the Court has jurisdiction to enter a modification order herein because this court has original, exclusive and continuing jurisdiction and it is in the best interest of the minor child that this Court assumes and retains jurisdiction.

6.    Pursuant to the Judgment dated April 14, 2021, and the Amended Judgment of Modification dated October 15, 2025, Amanda was granted sole legal custody regarding where the minor child attends school, where he is to receive medical and dental care, and what extracurricular activities he participates in. For all other legal custody decisions, the parties were awarded joint legal custody of the minor child. The parties were granted joint physical custody of the minor child, subject to the on-duty parenting time as outlined therein.

7.    That permanent, material and substantial changes have occurred since the entry of the Amended Judgment of Modification dated October 15, 2025, including, but not limited to:

A. Nicholas has not successfully completed the 52-week Domestic Violence Intervention Program and attended all hearing, nor has he provided proof of completion, or even starting the program.

B. Nicholas has not attended the 13-week Nurturing Father's court through ICARE and has not provided proof to Amanda or the court of his completion.

C. Nicholas is currently on unsupervised probation for a DUI conviction in Kootenai County case CR28-24-16704 and a term of his probation is that he violate no federal, state or local laws. more serious than an infraction and that he commit no similar offenses.

**PETITION TO MODIFY - 3**

# EXHIBIT B

D. Nicholas's driver's license was also suspended as a result of the DUI conviction, but it was reinstated, and before it was could become valid, it was suspended by Idaho Department of Health and Welfare for failure to pay child support.

E. At the same time of the DUI charge, Nicholas also received three infractions for speeding, displaying a fictitious license plate, and failure to provide proof of vehicle insurance in Kootenai County case CR28-24-16705.

F. There is in active warrant in Kootenai County case CR28-24-16705, for Nicholas' failure to follow the terms of his probation and for failure to appear at the admit/deny hearing.

G. On or about July 6, 2025, Nicholas was charged with custodial interference, a misdemeanor, although his actions rose to the level of a felony, in Shoshone County case CR40-25-1050. That matter was scheduled for trial on March 10-11, 2026, and Nicholas was found guilty by the jury.

H. On or about January 1, 2026, Nicholas was arrested in Flathead County, Montana on an aggravated DUI – second offense, driving without privileges, failure to carry proof of vehicle insurance, failure to use a turn signal, and failure to drive with an interlock device as required. That is Flathead County, Montana case number TK-385-2026-0000045. It is unknown what the outcome of these new criminal charges will be, but it is likely that his driver's license will be suspended as a result.

I. There is a pending Motion to Show Cause hearing in Flathead County, Montana case number TK-385-2026-0000045 for consuming alcohol and as far as be ascertained,

**PETITION TO MODIFY – 4**

EXHIBIT B

for removing a court-ordered ankle monitor that detects alcohol consumption. That hearing is scheduled for March 31, 2026.

J. Nicholas has been removed from his apartment in Coeur d'Alene and did not provide timely notice of his intent to move within 60 days. He provided Amanda notice of his move on December 11, 2025, stating that he had received a 3-day notice to vacate, although the minor child reported that he had already moved by that time. Nicholas moved to Kalispell, Montana to reside with friends and is purportedly moving again somewhere in the vicinity of Kalispell.

K. Nicholas has reportedly moved again, from Kalispell to Bigfork, Montana, which is still in Flathead County. Amanda discovered this move after the minor child informed her of the move, and also after Nicholas provided the minor child with a "Corporate Operating Agreement of Wylde Mile, Inc." which he had the child sign as a "shareholder" and named him as the "Vice President/Treasurer." This agreement is void as a minor cannot enter into a legally binding contract, especially at the age of 11. Nicholas also sent counsel for Amanda an email advocating to remove his child support so that the minor child could work for his company at a base rate and suggesting that Amanda could bargain with the child to receive a portion of his paycheck to cover his own living expenses, amongst other things.

L. The minor child does not have his own bed or room at Nicholas' current residence. It is unknown if he will in the future.

M. Nicholas stopped paying his child support in November 2024, and only one payment has been made since on August 4, 2025, that was ceased from his bank account by

PETITION TO MODIFY - 5

EXHIBIT B

Idaho Department of Health and Welfare for payment of past-due child support. Nicholas is currently $9,705.94 in arrearages for child support owed to Amanda as of February 5, 2026. Nicholas has stated that he will never make another child support payment to the state.

N. Nicholas has taken Hudson on out-of-state trips that are costly. He took a trip to Florida that he claims has cost him over $3,000 and yet he refuses to pay his child support. When Nicholas took Hudson to Florida, he demanded that Amanda provide him with spending money.

O. Nicholas continued to harass Amanda on Our Family Wizard, using threats and name calling and threats of continued litigation. This ceased when Nicholas either did not renew his OFW subscription, or he simply decided to discontinue using it for communication as was previously ordered in this case.

P. Because Nicholas does not have a driver's license, he has refused to bring Hudson to games and practices for his extracurricular activities. In October, he told Amanda that Hudson could attend his game in Bonners Ferry, but only if Amanda found a ride for he and Hudson. Amanda assisted in finding a ride for Hudson, but could not secure one for Nicholas. This resulted in Hudson being transported to Bonners Ferry for the game, and Nicholas not attending. However, Amanda also attended the game, but Nicholas would not allow her to transport Hudson, so it was uncomfortable for all involved that Amanda was willing and able to attend the game, but could not transport her own child to the game because of Nicholas' unreasonable demands that were not in the child's best interest.

**PETITION TO MODIFY - 6**

## EXHIBIT B

Q. After Nicholas' move to Montana, he has stated that since Hudson will be "generally living in Montana and certainly when he is my custody.[…He] will not be able to attend any extracurricular activities based in Idaho during my parenting time (because he won't be there)." Amanda has attempted to resolve this issue by offering to trade weekends, as Hudson is very active in sports, has practices two or three times during the week, and games during the week and weekends. Based on the current schedule, if Nicholas resides in Montana, this results in Hudson missing every other weekend of games if Nicholas refuses to bring him to his weekend activities. This will overall only hurt Hudson's involvement in sports, and resulting in him not receiving playing time. He cannot be committed to a team and only show up for half of the games. This will be an on-going issue as Hudson participates in multiple sports year-round and the intensity and expectations only increases as he ages.

R. This was resolved as Nicholas forfeited his on-duty parenting time during basketball season so that Amanda could ensure Hudson's attendance.

S. However, the issue has now worsened as Nicholas is refusing to ensure that Hudson attends baseball practice and games during his on-duty parenting time. If Hudson misses any practices, he will not be allowed to play in games, or only minimally.

T. Nicholas has been referring to Hudson as "Wylde John" the name that Nicholas had proposed to name him at birth. This is not his legal name, nor is it a name he has ever known or been referred to which is confusing, and could cause psychological damage to Hudson and is not in his best interest.

**PETITION TO MODIFY - 7**

U. There are concerns of excessive alcohol use by Nicholas, resulting in two DUIs in less than a two-year period. Further, Nicholas has violated the conditions of his release in Flathead County, by consuming alcohol and then removing his ankle monitor.

V. There are serious concerns for Nicholas' undiagnosed mental health issues which creates instability and fear that he will harm Hudson as a means of harming Amanda.

W. Nicholas does not have a valid driver's license or vehicle insurance and continues to drive with the minor child;

X. The current conditions are contrary to the stability and continuity for the minor child.

Y. For other reasons to be discovered and presented at trial.

8.     That it would be in the best interest of the parties' minor child that the Judgment dated April 14, 2021, and Amended Judgment dated October 15, 2025, be modified to provide that the Amanda be awarded sole legal and physical custody, with on-duty parenting time in accordance with Appendix "A" attached hereto and incorporated herein, and more specifically as follows:

Amanda: That Amanda should be the on-duty parent at all times not awarded to Nicholas.

Nicholas: That Nicholas should have supervised visitation with the minor child in Kootenai or Shoshone County. The supervisor should be selected from the First Judicial District list of approved supervisors and Nicholas should be wholly responsible for the costs of said supervision. Nicholas' supervised visitation should be for up to 4 hours on the first and third week of the month at dates and times to be agreed upon by the parties and the supervisor. The

PETITION TO MODIFY - 8

EXHIBIT B

supervised visits should be scheduled at a time that does not interfere with the minor child's extracurricular activities or other scheduled activities.

Miscellaneous Provisions:

A. Nicholas should be ordered to submit to a five-panel hair follicle test that renders a negative result for all substances and should provide such to Amanda and the court within 14 days of entry of Judgment. If Nicholas fails to do so, then he should have no parenting time until he has complied with the hair follicle test.

B. Nicholas should provide proof of a valid driver's license and current vehicle insurance prior to transporting the minor child. If a third party is transporting the minor child, proof of a valid driver's license and current vehicle insurance should be provided to Amanda prior to transporting the minor child. Amanda should be under no obligation to exchange the minor child without prior proof of such before allowing Nicholas or a third party transport the minor child.

C. Nicholas should successfully complete the 52-week Domestic Violence Intervention Program and attend all review hearings. Nicholas should provide proof of successful completion to Amanda and the court.

D. Nicholas should have no pending criminal cases, probation violations, or outstanding warrants for his arrests.

E. Nicholas should attend and complete the 13-week Nurturing Father's course through ICARE, or a substantially equivalent parenting course and provide proof of successful completion to Amanda and the court.

**PETITION TO MODIFY - 9**

# EXHIBIT B

F.  Nicholas should complete a substance abuse evaluation and all recommended treatment. The evaluation should be provided to Amanda and the court, as well as proof of completion of the recommended treatment.

G.  Nicholas should provide proof of his clean and appropriate residence which has adequate, safe, and reasonably private living quarters for the minor child. Nicholas should provide such proof to Amanda within 14 days of her written request that he do so which should consist minimally of current photographs of the inside of each room in the residence and the outside of the minor.

H.  Communications regarding these matters should not go through the child. Communications should be directly between the parents and be done in a civil and businesslike manner. **Communications should only be via Our Family Wizard.** Each party should be responsible to pay their own share of the subscription and should be required to maintain his/her subscription as current to ensure no lapse in communications.

I.  If legitimate disputes arise, the parties should be ordered to first seek a trained mediator licensed in Idaho, to resolve the issues prior to seeking relief from the court.

J.  Parenting time must be used or it is lost unless the parties agree otherwise in advance. It cannot be saved up or "banked" and accumulated for use all at once.

K.  Appendix "A" shall be attached to the decree and shall be controlling as to other issues such as transportation, clothing, conduct, etc. The parties are encouraged to read said document carefully.

**PETITION TO MODIFY - 10**

## EXHIBIT B

L. The *minor child* should have, at all times, unrestricted ability to telephonically contact the off-duty parent at all times. However, this shall not mean that Nicholas can demand the minor child call him when Nicholas decides.

M. If Nicholas is *not* awarded *only* supervised visitation, then in the event either party is traveling with the child outside of the state of Idaho, he/she should share the itinerary of flights, trains, or other transportation no later than 14 days prior to embarking on the trip. In the event of such travel, arrangements should be made to ensure the child returns to Idaho the day prior to the custody exchange, to allow for delays and timely exchanges.

N. Neither parent should allow the minor child to be exposed to an environment where excessive drinking, illegal activities, and/or domestic violence are occurring and should have an affirmative duty to remove the minor child from the same immediately upon discovery that such activity is occurring.

O. Should Amanda have any reason to believe that Nicholas, while on-duty or within 24 hours prior to his on-duty time, is under the influence of alcohol with a blood/breath/urine content equal to or greater than .00, under the influence of any controlled substance, or under the influence of any prescription substance which renders him unable to effectively care for the minor child, then Amanda may demand an immediate test for the same and should be under no obligation to turn the minor child over for visitation until such testing is completed.

1) Should the testing prove positive for alcohol in concentration greater than .00, visitation shall be suspended until the following scheduled visit.

PETITION TO MODIFY - 11

EXHIBIT B

2) Should the testing prove positive for a prescription substance, visitation shall be suspended) until such time as the prescribing physician provides, in writing, a statement that he/she has examined the Nicholas and that he is safe to parent while under the influence of the prescription.

3) Should the testing prove positive for an illegal controlled substance, visitation should be suspended until such time as Nicholas has undergone a substance abuse evaluation and has completed at least 90 days of treatment (unless less than 90 days of treatment are recommended in the evaluation), in which event visitation should be suspended until the successful completion of treatment. Nicholas should provide the recommendations to Amanda and her counsel.

4) Amanda should pay for the test and should be allowed to choose the type of test to be taken (i.e., urinalysis, hair follicle, and/or ETG drug test). If any testing should prove positive, Nicholas shall reimburse Amanda. If any testing should prove negative, Amanda should pay for the test.

P. Each parent should only have age-appropriate conversations with the minor child and in the presence of the minor child. Neither parent will refer to the minor child by "Wylde" or "Wylde John" and should only formally address him by his legal name.

Q. Neither party should encourage or present to the minor child a "contract" "operating agreement" or other type of agreement for his signature.

R. The parties should refrain from speaking poorly about the other party to the minor child or in his presence. Further, they should ensure all third parties do the same. Specifically, there should be no name calling of either party by a party, or any minor child by any person allowed to be in either party's residence or by any third party that either party allows to be in the presence of the minor child.

9. That so long as this matter remains uncontested, there should be no change in child support. If this matter is contested, then it would be in the best interest of the parties' minor child that the Judgment of Modification dated April 14, 2021, be modified to provide that in order to insure the proper care, support and maintenance of said minor child that Nicholas pay to Amanda

PETITION TO MODIFY - 12

EXHIBIT B

as an award of child support pursuant to and in accordance with the Idaho Child Support Guidelines. Said child support amount shall be paid through the State of Idaho, Child Support Receipting, P.O. Box 70008, Boise, ID 83707, by the first day of each month beginning April, 2026.

That it would be fair and equitable that Amanda be allowed to claim the minor child, Hudson John Mitchell-Ramlow born 2015, for income tax related purposes such as the child tax credit, dependency exemption (if any) and earned income credit for the year 2026 and for each year thereafter.

That it would be fair and equitable that Nicholas should be ordered to sign IRS Form 8332 and any other forms necessary in order to enable Amanda to claim the minor child as assigned above as a deduction for income tax related purposes as defined above.

10.    That it would be fair and equitable that the final Judgment should include the following language:

### NOTICE OF AUTOMATIC AND IMMEDIATE INCOME WITHHOLDING

**This support order is enforceable by automatic and immediate income withholding as of the effective date of this order under Chapter 12, Title 32, Idaho Code. This automatic and immediate income withholding order shall be issued by the Department of Health and Welfare or other obligee to your employer or other person who pays your income without prior notice to you.**

### NOTICE OF LIEN

**This support order shall be enforced by the filing of a statewide lien upon all real and personal property of the obligor if the delinquency in the support obligation is equal to $2,000 or 90 days of support, whichever is less, pursuant to Idaho Code § 7-1206 and § 45-1901, *et seq.***

**PETITION TO MODIFY - 13**

EXHIBIT B

11.    That it would be fair and equitable that the parent who is first able to provide medical, dental and optical insurance for the benefit of the parties' minor child at the lowest cost through their employment or otherwise should provide and maintain the same until such time as the minor child reaches the age of eighteen (18) years, or if still attending high school after turning eighteen (18), graduates from high school, discontinues high school, or turns nineteen (19), whichever occurs first.

That further, each party should pay the non-covered health insurance expenses which are incurred on behalf of the minor children including but not limited to deductibles, co-pays, pharmaceutical expenses, medical expenses, optical expenses, dental expenses, and counseling expenses, should not be changed from the Judgment of Modification dated April 14, 2021. That the non-insurance expenses should be in addition to the child support award, stated herein, and these payments should be paid directly between the parties.

12.    It would be further fair and equitable that any claimed health care expenses incurred on behalf of the minor child (whether denominated as psychiatric, psychological, special education, addiction treatment, or counseling in any form), and whether or not covered by insurance, would result in an actual out-of-pocket expense in excess of $500.00 to the parent who did not incur or consent to the expense, must be approved in advance, in writing, by both parties, or by prior court order, and that relief may be granted by the Court for failure to comply under extraordinary circumstances, or in the event consent was unreasonably withheld, the Court may apportion the incurred expense in a percentage other than as set forth above.

13.    It would further be reasonable that any anticipated Judgment should include the following language:

PETITION TO MODIFY - 14

EXHIBIT B

## NOTICE OF MEDICAL ENFORCEMENT

**Failure to provide medical insurance coverage may result in the direct enforcement of a medical support order by either the obligee or the Department of Health and Welfare. A national medical support notice will be sent to your employer, requiring your employer to enroll the child(ren) in a health benefit plan as provided by Sections 32-1214A through 32-1214J, Idaho Code, and applicable rules of the Department.**

14.    That it would be fair and equitable that all expenses associated with out-of-pocket medical, work-related daycare, any mutually agreed upon extracurricular activity or other reasonable expense associated with the minor children be divided between the parties in accordance with and pursuant to the Judgment entered April 14, 2021.

15.    That it would be fair and equitable that each parent be ordered to submit a billing, invoice, or a written request for payment to the other parent for any expense he or she incurs regarding the minor children within thirty (30) days, and that the paying parent be reimbursed by the other parent his or her commensurate share within thirty (30) days of presentment of such billing and/or request for payment. Failure to submit a request for reimbursement within the contemplated thirty (30) days shall constitute a waiving and forfeiture of reimbursement claim for the given bill.

16.    That it would be fair and equitable that Amanda should be required to pay her own attorney fees and costs incurred in this matter provided the matter remains uncontested; provided, however, in the event of contest by Nicholas, that he should be required to pay any and all attorney fees and costs incurred by Nicholas and Amanda herein in amounts to be proven at trial or hearing in this matter.

17.    Amanda reserves the right to amend this Petition as circumstances evolve.

**PETITION TO MODIFY - 15**

## EXHIBIT B

## APPENDIX "A"
## SUPPLEMENTAL ORDER FOR PARENTAL AND CHILD SUPPORT RESPONSIBILITIES

**Best Interests of Children:** Divorce is an unfortunate part of modern life and is particularly difficult for children. The jurisdiction of the Court to control custody and child support is intended to allow the Court to make rulings in the best interests of the children and to minimize the negative impact of divorce or separation upon children. You and your former spouse have divorced or separated; that is your right. However, you cannot divorce your children. You both have continuing duties and responsibilities as parents to your children. No matter how carefully the Court crafts custody and child support orders, the success of the order and the well-being of your children will be limited unless both parents make a firm commitment to serve the best interests of their children. Please commit yourself to working with your former spouse to promote the well-being of your children.

**Mediation:** If you are unable to agree upon parenting issues between yourselves, the Court strongly recommends that you consider mediation before resorting to Court intervention. Mediation is a problem-solving process in which you can discuss alternatives and assess options with the assistance of an independent, neutral and qualified mediator.

**On-Duty/Off Duty Parent:** A parent is "ON-DUTY" when the child(ren) are in his or her care pursuant to agreement of the parents or any court order, including: a parenting plan; custody or residential schedule; or visitation schedule. A parent is "OFF-DUTY" when the other parent is "ON-DUTY."

You have the following rights and responsibilities regarding the child(ren) of your marriage, UNLESS THE COURT ORDERS OTHERWISE:

1. **AFFIRMATIVE BASIC DUTIES:** When "ON-DUTY" each parent shall provide the child(ren) with: (a) regular and nutritious food; (b) clean and appropriate clothing; (c) reasonably private living and sleeping quarters; and (d) appropriate health care.

**BOTH PARENTS SHALL** instruct in and promote: (a) ethical and moral principles; (b) respect for the law and the rights of others; (c) conscientious attendance at all regular sessions of school until graduation, unless excused for medical reasons, by the school, by the Court, or by law.

**NEITHER PARENT** will engage in, permit the child(ren) to engage in, or allow the child(ren) to be present during the use of any illegal drug, excessive alcohol use, violence, or disrespect for law and order. If the "ON-DUTY" parent does not prevent the use of illegal drugs, the excessive use of alcohol, violence or disrespect for law and order by other persons in the child(ren)'s presence, then the "ON-DUTY" parent shall remove the child(ren) from the environment where that conduct is occurring.

**EACH PARENT** shall deliver their child(ren)'s clothing, school supplies and other personal belongings at the same time that the child(ren) are delivered. All clothing shall be delivered in a clean condition.

**NEITHER PARENT** shall schedule activities for their child(ren) during the time the other parent is "ON DUTY" without the prior agreement of the other parent.

2. **TRANSPORTATION:** The receiving parent shall provide transportation and shall arrive on time (no more than 10 minutes early or late).

3. **ADDRESS AND TELEPHONE INFORMATION:** Each parent shall provide to the other his or her current telephone number, physical and mailing addresses, and if different from the parent's, the telephone number, physical and mailing address of where the child(ren) live.

4. **MOVE FROM CURRENT RESIDENCE:** Each parent shall provide the other not less than 60 days prior written notice of a decision to move. A move requiring more than 2 hours automobile travel between the homes of the parents ("two hour travel zone") will require modification of the parenting plan, custody or residential schedule, or visitation schedule. The moving parent shall not move the child(ren) to a location outside the "two hour travel zone" until a new order is in place.

5. **DURING "ON-DUTY" PERIODS** the child support obligor shall remain liable for child support payments unless the decree or child support

order specifically provides otherwise. Child support may not be withheld for failure to comply with any court order, including failure to comply with a parenting plan, custody schedule or visitation schedule. Parenting time shall not be withheld for nonpayment of child support or other financial obligations.

6. **CHILD SUPPORT/METHOD OF PAYMENT:** All child support payments shall be paid to the State of Idaho, Child Support Receipting, P.O. Box 70008, Boise, ID 83707. Any amount not paid through the State of Idaho will be considered a gift and will not be credited as child support. The State may report a failure to pay child support to the prosecuting attorney, who may enforce payment. The child support obligee may request forms for entry of a Wage Withholding Order from the Clerk's Office.

If the decree or child support order is entered on or before the 15th day of the month, child support payments shall be due on or before the last day of the month in which the decree or child support order is entered and on the 10th day of each and every month following. If the decree or child support order is entered after the 15th day of the month, the child support payment shall be due on the 10th day of each calendar month following the month in which the decree or child support order is entered.

7. **NOTICES:**

### NOTICE OF AUTOMATIC AND IMMEDIATE INCOME WITHHOLDING

This support order is enforceable by automatic and immediate income withholding as of the effective date of this order under Chapter 12, Title 32, Idaho Code. This automatic and immediate income withholding order shall be issued by the Department of Health and Welfare or other obligee to your employer or other person who pays your income without prior notice to you.

### NOTICE OF MEDICAL ENFORCEMENT

Failure to provide medical insurance coverage may result in the direct enforcement of a medical support order by either the obligee or the Department of Health and Welfare. A national medical support notice will be sent to your employer, requiring your employer to enroll the child(ren) in a health benefit plan as provided by Sections 32-1214A through 32-1214J, Idaho Code, and applicable rules of the Department. Any claimed health care expense for the child(ren), whether or not covered by insurance, which would result in an out-of-pocket expense of $500 or more to the parent who did not incur or consent to the expense, must be approved in advance, in writing, by both parties or by prior court order. Relief may be granted by the Court for failure to comply under extraordinary circumstances, and the Court may, in its discretion, apportion the incurred expense in some percentage other than the existing support order, and in so doing, may consider whether consent was unreasonably requested or withheld.

### NOTICE OF LIEN

This support order shall be enforced by the filing of a statewide lien upon all real and personal property of the obligor if the delinquency in the support obligation is equal to $2,000 or 90 days of support, whichever is less, pursuant to Idaho Code § 7-1206 and § 45-1901, et seq.

8. **FAILURE TO COMPLY WITH COURT ORDERS** may result in civil contempt proceedings pursuant to Idaho Code § 7-601 and/or license suspensions pursuant to Idaho Code § 7-1401. Either parent's willful failure or refusal to return the child(ren) to the other parent in accordance with the court ordered parenting plan, custody or residential schedule, or visitation schedule may subject that parent to criminal prosecution for custodial interference.

9. **INTERFERENCE:** Neither parent will intrude on the privacy of the other nor make unkind statements about the other to or in the presence of the child(ren). Neither parent will interfere in any way, or encourage or permit any other person to interfere in any way, with the other parent's rights granted by the decree or other order of the Court.

10. **INJUNCTION:** This Order restrains and enjoins both parents from doing, attempting, or threatening to do harm of any kind to the other parent or to the child(ren), or permitting another to so act on their behalf.

BY ORDER OF THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE STATE OF IDAHO

Revised 3/2005

# EXHIBIT B