UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

STATE OF IDAHO, DEPARTMENT OF
HEALTH AND WELFARE CHILD
SUPPORT SERVICES,

      Plaintiff,

v.

NICHOLAS RODDY RAMLOW;
AMANDA MITCHELL,

      Defendants.

Case No. 2:26-CV-00268-AKB

**MEMORANDUM DECISION
AND ORDER REMANDING CASE**

Defendant Nicholas Ramlow, who is proceeding pro se, removed this child custody action from the First Judicial District of the State of Idaho, in and for the County of Kootenai, on the basis of federal question jurisdiction (Dkt. 1). Because there is no federal question, the Court sua sponte remands this action to the First Judicial District for the County of Kootenai for all future proceedings.

## I.    BACKGROUND

The removed action is for petition to modify child custody filed in the Kootenai County District Court (Dkt. 1 ¶ 1). Ramlow removed the action to federal court on May 4, 2026, asserting that there is federal jurisdiction over the action under 28 U.S.C. § 1331 because "the counterclaims to the action allege deprivation of rights under the United States Constitution, Amendments I, III, IV, XIIV and XIV" (*id.* ¶ 5).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under § 1441(a), a suit filed in state court may be removed to federal

MEMORANDUM DECISION AND ORDER – 1

court if the federal court had original jurisdiction over the suit. *See also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, a party invoking the federal removal statutes must establish jurisdiction by demonstrating the existence of: (1) a statutory basis; (2) a federal question; or (3) diversity of the parties. *See Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1314 (9th Cir. 1981). Courts construe the removal statutes strictly against removal—any doubts as to removability should be resolved in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The removing party has the burden to demonstrate federal subject matter jurisdiction over the case. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). A district court may remand a case to state court sua sponte if it determines that jurisdiction is lacking. § 1447(c); *see Smith v. Mylan, Inc.*, 761 F.3d 1042, 1043 (9th Cir. 2014).

Here, Ramlow contends that the Court has jurisdiction pursuant to § 1331. Under that statute, federal question jurisdiction exists when the plaintiff's case arises under federal law. 18 U.S.C. § 1331. "A case 'arises under' federal law within the meaning of § 1331 if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006)). Under this "well-pleaded complaint" rule, "the federal question on which jurisdiction is premised cannot be supplied via a defense; rather, the federal question must 'be disclosed upon the face of the complaint, unaided by the answer.'" *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009) (quoting *Phillips Petrol. Co. v. Texaco, Inc.*, 415 U.S. 125, 127–28 (1974)).

MEMORANDUM DECISION AND ORDER – 2

Here, the Court finds it appropriate to sua sponte remand the case to state court because Ramlow, as the removing party, has failed to establish a proper basis for this Court's jurisdiction. The underlying petition seeking a modification order pursuant to Idaho Code §§ 32-11-202 and 203 (Dkt. 1-1 at 19, 21), which does not arise under federal law. That Ramlow asserts violations of his constitutional rights during the state court proceedings likewise fails to establish federal question jurisdiction. *See Caterpillar*, 482 U.S. at 392 ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). Accordingly, the Court deems it appropriate to sua sponte remand the matter to state court because the complaint does not raise a federal question and removal under § 1331 was improper.

## II.    ORDER

**IT IS ORDERED that:**

1.    This case is **REMANDED** to the Magistrate Court for the First Judicial District for the County of Kootenai.

2.    This case is **CLOSED**.

DATED: May 06, 2026



Amanda K. Brailsford
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER – 3**